**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE THOMAS, SR.,

     Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

    Respondent-Appellee.

No. 98-6248
(D.C. No. CIV-97-1498-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK, EBEL**, and **MURPHY**, Circuit Judges.

On July 23, 1996, Mr. Thomas entered a plea of guilty in state court to two counts of first degree rape and was sentenced to concurrent 35-year terms of imprisonment. The defendant failed to file a notice of appeal within the ten days allotted by Oklahoma law and consequently, the judgment of his conviction

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

became final. <u>See</u> Okla. Stat. tit. 22, Ch. 18, App., Rule 4.2(A).[1] In his post-conviction application, Thomas through court-appointed counsel challenged his conviction on the ground that he was denied effective assistance of counsel during the critical ten days following his guilty plea and sentencing. After holding an evidentiary hearing on the matter, the state trial court concluded that Thomas "failed to show that he was denied an appeal through no fault of his own or that other circumstances beyond his control should relieve him of accountability for his potential appeal." The Oklahoma Court of Criminal Appeals affirmed.

Pursuant to 28 U.S.C. § 2254, Thomas filed in the district court a federal habeas challenge to his conviction on the same ineffective assistance of counsel ground. The district court found no evidence in the record rebutting the presumption of correctness attached to the state court's factual determinations of Thomas' denial of appeal, <u>see</u> 28 U.S.C. § 2254(e)(1),[2] and concluded that

---

[1] Rule 4.2(A) requires:

> In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court.

[2] 28 U.S.C. § 2254(e)(1) states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State
>
> (continued...)

Thomas' claim is procedurally barred. In a subsequent order, the district court denied Thomas' pro se request for a certificate of appealability and, pursuant to 28 U.S.C. § 1915(a)(3),[3] denied Thomas' motion to proceed on appeal without paying this court's filing fee because the appeal was not taken in good faith. Thomas now asks this court to grant him leave to proceed in forma pauperis and to grant a certificate of appealability.

Upon careful review of the record, we find that the district court properly denied Thomas' application for a certificate of appealability.[4] Thomas asserts that newly discovered evidence -- six affidavits signed after his state evidentiary hearing -- rebuts any presumption of correctness attached to the state court's findings. However the contents of the affidavits (most of which were reviewed by the district court) shed no light on the issue before the state court: whether Thomas was denied an appeal through no fault of his own. As a result, Thomas

---

[2](...continued)
court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

[3] "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

[4] Thomas' request to proceed without prepayment of costs and fees is granted. However, this court need not decide whether Thomas' appeal was taken in good faith in light of our determination that a certificate of appealability should be denied.

offers no "clear and convincing evidence" rebutting the presumption of correctness afforded to the state court factual findings regarding his denial of appeal. We also agree that the affidavits contain no colorable showing of factual innocence.

Therefore, we DENY Thomas' petition for a certificate of appealability, and DISMISS his appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge